IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHARLES-CUONG DOAN and DE NGUYEN, <br><br> Plaintiffs, <br><br> v. <br><br> SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ALAMEDA, DOES 1-20 inclusive, individual defendants sued in their official capacities, <br><br> Defendants. | No. C 09-03077 JSW <br><br> **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; DISMISSING COMPLAINT; AND DENYING APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE** |

The court has reviewed the filing dated July 8, 2009 entitled "Complaint for temporary restraining order, preliminary injunction, permanent injunction, and declaratory relief." Plaintiffs appear to challenge the constitutionality of the policy of the Superior Court of California for the County of Alameda, which requires that anyone charged with a traffic infraction to post bail as a precondition to set a court trial to contest such an infraction. Plaintiffs contend that such policy violates the substantive due process rights of Plaintiffs and the citizens of Alameda County under the Fourteenth Amendment to the United States Constitution. (Complaint at ¶ 7.)

It is unclear from the current submission whether a person charged with a traffic infraction must post bail in order to have a hearing (as opposed to a trial) to contest the traffic infraction. Presuming Plaintiffs have been charged with a traffic infraction, they may be able to present their challenges before the Superior Court in Alameda County without requiring a full

trial. It is also unclear from the submission before this Court whether the bail requirement is essentially a court-imposed fee for trial which may be recoverable by the charged party. Lastly, if the requirement serves as a court-imposed fee, there are likely processes for waiving the required fee upon adequate demonstration of poverty which may obviate the need to challenge the policy in this forum. Plaintiffs have not set out facts indicating whether such processes are available and, if they are, whether Plaintiffs have exhausted them.

Regardless, for the purposes of the motion pending before this Court, there is no indication from the Plaintiffs' submission that these two individual plaintiffs were charged with a traffic infraction or that they currently face any risk of waiving their right to a trial by virtue of lacking the funds to post bail. The complaint fails to state whether or what traffic infraction these plaintiffs were charged with and whether or when they must post bail in order to secure a right to trial. It is unclear whether Plaintiffs themselves have standing to make the allegations contained in their submission.

Standing is a constitutional requirement of all federal courts, requiring plaintiffs to "demonstrate a personal stake in the outcome" in order to establish jurisdiction. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (citing *Baker v. Carr*, 369 U.S. 186, 204 (1962)). In *Lujan v. Defenders of Wildlife*, the Supreme Court set out a three-part test for standing: (1) "the plaintiff must have suffered an injury in fact;" (2) "there must be a causal connection between the injury and the conduct complained of;" and (3) "it must be likely that the injury will be redressed by a favorable decision." 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted). A plaintiff bears the burden of proving standing. *Id.* at 561. Plaintiffs have not alleed any facts to show that they have suffered any injury in fact.

Accordingly, the Court DENIES the motion for temporary restraining order and DISMISSES the complaint without prejudice to refiling such a motion/complaint which sets out the requisite facts demonstrating that Plaintiffs have suffered an injury, caused by actions of Defendants, that could be redressed by a favorable decision.

2

In addition, the Court has received the two applications to proceed *in forma pauperis* filed by Plaintiffs in this matter. Because the complaint is dismissed with leave to amend, Plaintiffs' applications to proceed *in forma pauperis* are DENIED WITHOUT PREJUDICE.

If Plaintiffs wish to pursue this action, they must file an amended complaint setting forth a cognizable legal claim and renewed applications to proceed *in forma pauperis* by July 31, 2009. Failure to file a cognizable legal claim by this date shall result in dismissal of this action with prejudice. The Court advises Plaintiffs that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office.

**IT IS SO ORDERED.**

Dated: July 8, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| De Nguyen and William Charles-Cuong Doan, et al., | Case Number: CV09-03077 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| Superior Court of California, et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 8, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

De Nguyen
1547 Eighth Avenue
Oakland, CA 94606

William Charles-Cuong Doan
1547 Eighth Avenue
Oakland, CA 94606

Dated: July 8, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk